IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALIESHA ALAMO, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> PEACHES BOUTIQUE LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, ROY SURDEJ, INDIVIDUALLY, AND BARBARA SURDEJ, INDIVIDUALLY <br><br> Defendants. | No. 18-cv-04394 <br><br> **District Judge Andrea R. Wood** <br><br> **Magistrate Judge Michael T. Mason.** |

**PARTIES' JOINT MOTION TO STAY FORMAL DISCOVERY PENDING NEGOTIATION OF AGREED FLSA COLLECTIVE ACTION TREATMENT**

NOW COMES Plaintiff, Aliesha Alamo, and Defendants Peaches Boutique, LLC, Roy Surdej and Barbara Surdej (collectively, the "Parties"), by and through their attorneys of record, and for their Joint Motion to Stay Formal Discovery Pending Negotiation of Agreed FLSA Collective Action Treatment, state as follows:

1. On June 25, 2018, Plaintiff filed her Complaint against Defendants. (CM/ECF Doc. 1).

2. On August 13, 2018, Plaintiff filed her First Amended Complaint against Defendants. (CM/ECF Doc. 7).

3. On September 6, 2018, Defendant Peaches Boutique, LLC filed its Answer in response to Plaintiff's First Amended Complaint (CM/ECF Doc. 11).

4. On September 11, 2018, the Parties filed their Initial Status Report (CM/ECF Doc. 14).

5. On October 5, 2018, the Parties engaged in a telephone conference to discuss the potential for settlement. During this conversation, the Parties discussed the possibility of settlement and agreed to explore some initial threshold matters related to early resolution of this matter and believed that additional and continued negotiations could prove productive.

6. Following the Parties' phone conference, the Parties agreed to defer Mandatory Initial Disclosure Pilot program ("MIDP") production for 30 days to continue initial settlement discussions.

7. On October 5, 2018, the Parties filed their Joint Motion to Defer Initial Discovery Response Deadline (MIDP). (CM/ECF Doc. 19).

8. On October 10, 2018, the Honorable Judge Wood grated the Parties' Joint Motion to Defer Initial Discovery Response Deadline (MIDP). (CM/ECF Doc. 21).

9. On October 10, 2018, Defendants Roy Surdej and Barbara Surdej filed their Answer in response to Plaintiff's First Amended Complaint. (CM/ECF Doc. 22).

10. Since this Court granted the Joint Motion to Defer Initial Discovery Response Deadline (MIDP), the Parties have made additional agreements related to the sending of Notice under the FLSA to similarly situated past and present employees.

11. Additionally, the Parties have agreed to voluntarily exchange information specific to resolving issues relative to a FLSA §216(b) collective action in anticipation of settlement, including but not limited to:

    a. The number of potential opt-in plaintiffs to determine a potential scope of collective action notice;
    b. The identity of the potential opt-in plaintiffs within that scope;
    c. The content and form of the Notice and Consent forms to be sent to potential opt-in plaintiffs;
    d. The time frame for the return of opt-in consent forms;

  e. The production and exchange of necessary information (i.e. payroll records, timesheets, etc.) for the purpose of constructing a settlement proposal; and
  f. Additional threshold issues as they arise.

  12. The Parties believe that a stay providing relief from impending and future discovery deadlines and obligations would allow them to focus on specifics pertaining to the collective action format and help facilitate the framework of potential settlement and expedite eventual resolution.

  13. As a result, the Parties have agreed to temporarily stay formal discovery, including responses to MIDP, with the approval of this Court, to allow the Parties sufficient time to continue negotiations, exchange information and engage in the § 216(b) collective action process as to work toward concrete resolution to this matter.

  14. The Parties, through this Joint Motion, certify that they are, in good faith, actively engaging to settle this matter and believe it may be resolved following the participation in the processes described herein.

  WHEREFORE, the Parties respectfully request that this Court grant the Parties' Joint Motion to Stay Formal Discovery Pending Negotiation of Agreed FLSA Collective Action Treatment, and indefinitely stay discovery while the Parties work toward early resolution to this collective action, and for any other relief this Court deems just and equitable.

Respectfully Submitted,

*Electronically Filed 11/2/2018*

| | |
|---|---|
| s/ John W. Billhorn__ | s/ David J. Dale *(by permission)*_ |
| John W. Billhorn | David J. Dale |
| Plaintiff's Attorney | One of Defendant's Attorneys |
| | |
| Billhorn Law Firm | Staub Anderson LLC |
| 53 W. Jackson Blvd., Suite 840 | 55 W. Monroe, Ste. 1925 |
| Chicago, IL 60604 | Chicago, IL 60603 |
| 312-853-1450 | 312-345-0545 |